Good morning, Your Honors. My name is Edward Chung. I'm serving as counsel on behalf of the appellant, Melissa Reimer. All right. Thank you, counsel. Okay. I would like to reserve two minutes for rebuttal, Your Honor. All right. As you know, Your Honor, from the briefings that you have been provided, this relates to a granting of defendant's motion for summary judgment. I think it's important here for the court to consider the fact that the granting of the motion for summary judgment would be heard de novo. In relation to the other two issues that are before the court, that relates to the denial of plaintiff's motion for reconsideration and the denial of leave to amend the complaint. Those standards of review would be an abuse of discretion. We start off here that I think it's very important is that the defendant's initial motion for summary judgment does not actually attack any of the prima facie elements related to the plaintiff's underlying claims. Specifically, the issue that the defendants raised as part of their motion for summary judgment is that the plaintiff has failed to comply with the statutory requisite of RCW 496-020 of filing a pre-tort claim in relation to the state claims that plaintiff alleged in both her initial complaint and her amended complaint. I also think it's very important for the court to consider the fact that the defendant's motion for summary judgment did not include initially any declaration by anyone who was assigned statutorily assigned as a claim agent, nor did it provide any copy of the state tort claim form that we think that is imperative as part of defendants' affirmative defenses as to a basis as to why summary judgment should be granted. Initially, when they did provide a reply in relation to appellant's response to the motion for summary judgment, providing two declarations by claim agents that indicated that they were claim agents under RCW 496-0202 in 2001 and then another claim agent in 2017. It's our position that on a motion for summary judgment, there raises genuine issues of material fact as to whether the time that plaintiff was to be able to submit a tort claim form, whether at that particular time between 2015 and 2017, there were any claim agents at that time because the declarations that were provided by defendants' counsel didn't really specify for those particular time periods. Additionally, as we indicated, RCW 496-0203 provides what are the whether the fire district or the county has met that requirement because there was no document that was included as part of their initial motion for summary judgment. In addition to that, we need to address the issues as to whether there were initial disclosure requirements, wherein if they raise this as an affirmative defense, whether procedurally under federal civil procedure of 26, defendants were required to provide a copy of the state tort claim form as part of their motion for summary judgment, which they did not. Additionally, we look at the EEOC complaint that my client had filed and timely filed her complaint in relation to the 90-day period to have filed a federal claim in this particular case, and then she also filed a complaint with the Washington Human Rights Commission. I think from our standpoint that the federal torts claim form, I mean the state torts claim form, is a notice issue as to whether the defendant was properly put on notice in relation to prospective claims that would be incorporated as part of a complaint that would be raised against them. It's our position in this particular case that they've not provided, I mean they were provided with information and notice in relation to a complaint that where it shows that they substantially comply with the requirements for bringing the state claim. So in relation to the state tort claims, it's appellant's position that there were genuine issues of material fact as to whether the court properly dismissed that claim. And we consider the fact that there was no state tort claim form that was, or not state tort, the county claim form that was available. They did not provide that. They didn't provide any 496020. It says that if you don't comply with these particular requirements, then you can't raise that as a defense. And under Federal Rule Civil Procedure 37, if they don't include these documents as part of their affirmative defenses that they raise, they can't raise it at a later time. Based on that very particular issue in relation to the state claims, we feel that the lower court's decision in relation to a summary judgment, the light most favorable to the non-moving party, there is genuine issues of material fact that exists that warrant that this court remanded back to the lower court to allow the parties to move forward. In relation to the EEOC, I mean the leave to amend, we believe that there is, the court abuses discretion in not allowing appellants the opportunity to go ahead and address what was specifically a scriminer's error that was in relation to the Disability Act. In the complaint that was, the initial complaint and the amended complaint, it both provides for Title III of the American Disabilities Act, the actual title that is the correct one, and we acknowledge that is the correct would be Title II of the Disabilities Act. So, but the basis for why the court, based on the court order, why the court would not allow us leave to amend is predicated on the fact that the court found that there was undue delay, and we've had the opportunity to amend that complaint a number of times. But we don't believe that the court considered all the factors. We only amended the complaint once, and then the initial order that related to this, the giving us leave to amend, you know, didn't even particularly, didn't specifically address that issue. As a matter of fact, I think it's in docket number 40, 46, I believe it is, is that the court, you know, addressed our ADA claim and never raised an issue as to whether we should amend that particular portion of it. But the court is correct, and defendants are correct, there is a scrivener's error. Instead of having Roman numeral II, it actually has Roman numeral III as part of our complaint. That was something that we overlooked, but it wasn't due to any sort of, you know, intent of undue delay or so forth. So, based on that, we ask that court remand our reserve the rest of my time. Thank you. So, before you do that, I want, I'm curious, do you have a case precedent that says if a notice statute is being relied upon, compliance with that statute must be provided under Rule 26? What case authority are you relying upon for that proposition? I'm sorry, can you repeat that, Your Honor? We have a lot of before a case can be filed, and I'm curious if you have a case that says that compliance with that notice statute on the part of the government entity is required to be produced before that defense can be relied upon. What case says that? Well, I think it's primarily statutory that 496020 requires that a party that's alleging a claim bring that provide notice. However, I believe we provided a case of the Clover case, Dollar v. Clover, which addressed that certain claims of discrimination particularly would not be deemed as necessary to exhaust all administrative rights. But you made the point that they didn't show compliance with the statute by having the agent denoted and the other provisions of the statute. So I'm asking you what you're relying upon to say they violated Rule 26 when they didn't provide proof of those compliances. Oh, I believe that's in the RCW 496020 subsection 2. The second, the last portion says the part that the party raising it in relation to the claim agent would be denied that defense unless that they've properly complied with that requirement. But it doesn't say under Rule 26 those matters have to be provided prior to the case going forward. I believe that's in Federal Civil Procedure 37 saying that if you didn't comply with certain requirements of Federal Civil Procedure 26, then you would not be able to use those at a later time. I think that's in my briefing, but I'd absolutely. But I'm just saying, is there a case that specifically talks about the notice statute and whether or not the government entity has to prove up compliance before it can rely on that statute? I haven't seen a case. I didn't. I didn't. Yeah, you're correct, Your Honor. I didn't. We didn't brief that as part of our thing. We based it primarily on the procedural rules as well as the statutory provision. All right, thank you. We'll give you a minute or two. Thank you. Thank you, counsel. May it please the Court, Tim Parker on behalf of Snohomish County Fire District Number 1 and Brad Redding. I'll begin by addressing some of the claims presented by appellant here today at argument. There was a suggestion at the because they are new evidence that were not attached as part of our initial motion for summary judgment. Judge Jones addresses that in the footnote to his motion for reconsideration for his motion order denying reconsideration and states that evidence is not new if it is adduced in direct response to arguments raised in opposition. The claim appointment forms therefore do not constitute new evidence in this case. And what do they show, counsel? They show that a claim agent was appointed by Snohomish County Fire District Number 1 in 2001 around the time of the enactment of RCW 49602. So that the agent was still in place in 2015? Yes, it's a valid when filed form and it identifies that service of a notice form should be served on the district secretary. And there is no obligation on my clients and to file another form saying the original filing is still valid. And there's no authority that's been presented to this court of any such obligation. So the form was filed in 2001. It was valid at the time it was filed. Another form was filed in 2017 because Snohomish County Fire District Number 1, that territory merged with other territories and became South County Fire. So South County Fire filed that form in 2017. Those forms are valid. With regard to the argument brought up by appellant that my client failed to- What about, just a minute, what about the requirement of, I think it's subsection 3 that you have to adopt and publish a claim form that the claimant spoke to you? Did you comply with that section too? There's no evidence that my client did not comply with that provision. Well, there's evidence that it did. There's evidence that it did comply. Yes, yes. Certainly my client appointed a claim agent. The other aspect- I'm not talking about that section. I'm talking about the form itself under subsection 3, right? You're supposed to make those available to the public? Yes. And they are available online. The standard tort claim form is available on the Department of Enterprise Services website. And it's available today. And it was available at the time this lawsuit was filed. And my client never received a tort claim form from the appellant. How do we know that there was a standard tort claim form at the time of the lawsuit was filed? I thought you just told us that there was no evidence that your client had not complied with this. There is no evidence of non-compliance on behalf of my client. Well, the other side has claimed that the form wasn't there. Did you provide- They claim that- The form was there. It is there. The standard tort claim form is present on the Washington Department of Enterprise Services website. By the looks of things, it's been available on that website since at least 2015. Well, how do we take your word for it? Your language, that it appears to be there, ask this court to take your word for it on a matter for summary judgment. That should be a very, very easy matter for you to prove. You can provide a declaration from somebody who's responsible for maintaining the website. You can provide a screenshot. You have lots of ways of doing this. This could have been resolved very simply, but I don't know how you can come before us now and ask this court to take your word for it. The appellant has the burden of a proof on that issue and hasn't submitted any evidence that we did not comply. I thought that she had alleged that she couldn't find the form. I had- That is not present in this record. I mean, that is- There's no suggestion that she looked. And in fact, at the outset of this lawsuit, Snohomish County was a defendant. And Ms. Reimer did not attempt to submit a claim form on Snohomish County either. So it's disingenuous now to suggest if some form had been available online, I would have filed it because no effort was ever made to comply with the statute. Even if the claim form was not posted, a letter could have been submitted, an email sent to indicate Ms. Reimer's intent to sue. She didn't do so with regard to Snohomish County Fire District Number One, and she didn't do so with regard to defendants in Snohomish County. You know, the argument- Counsel, the argument you're making now then is no one has to use the claim form that the statute says the NFV should provide and everybody should use. You're saying no one has to use it. You can just send a letter. Is that what you- Right? Is that an argument you really want to make? Your Honor, that's not what I'm arguing. I'm pointing out- But you just said- Ms. Reimer- She could have written a letter. Appellant could have, and I'm not opining on whether that would be valid. I'm stating that to make clear that there was no attempt on appellant's behalf to comply with the statute. Even if my client had not complied with the requirements of the statute, and there's no evidence that my client did not, Ms. Reimer could have sent some writing in, and there is case law that substantial compliance is sufficient, and none of those efforts were made. Turning then to the argument that my client should have disclosed the identity of the claim agents as part of their Federal Rule 26 initial disclosures, the state law claims had been dismissed by Judge Jones in May of 2018. They were not a part of this lawsuit when the initial disclosures were filed in March of 2019. There was no reason for my client to disclose claim agents at that point in the litigation. No, but under Rule 26, there's a duty to update your information, right? Your Rule 26 disclosures, and it certainly became irrelevant at a later point, didn't it? After the amending complaint was filed? And did you update your disclosures then? Judge Jones had already ruled that further efforts to litigate the state law claims would be futile. Those are his exact words in his order, and we did not have state law claims at that time that we needed to respond to. We had already successfully dismissed them, and any additional efforts to respond to the claims that have been dismissed would have caused even more delays than were already encountered in this case. It's important also to note that Ms. Reimer's argument of the Hintz case makes clear strict compliance is required with regard to submission of the form. With the remaining time I have, I'd like to discuss the ADA claim brought under the mistaken title. The question here is reviewed for an abuse of discretion. In this context, there are three factors that apply. Number one would be findings of fact that are erroneous. That's not present here. Number two would be whether Judge Jones made a clear error of law. That is also not present. The factor for this court to consider is whether they are left with a clear and firm conviction that the trial court committed an error of judgment, and that should be viewed in the context of this case. This claim was dismissed with leave to amend in 2018, and Judge Jones' order specifically states to Ms. Reimer that she did not sue under the correct cause of action. He gave her leave to amend. That amended complaint was filed, and the mistake was not corrected. There have been violations and delays at every stage of this litigation, beginning before the lawsuit was filed with violation of the statute we've been discussing. At the time the lawsuit was filed, Civil Rule 4 was violated because Ms. Reimer did not properly which required motion practice and an opportunity to amend. By the way, Judge Jones did have discretion at the service stage to dismiss the case. He chose to retain the case and give plaintiff an opportunity to make service. Counsel, I have the order here. You filed a motion to dismiss under 12B6, but you didn't challenge that she had filed her ADA claim under the wrong title. Is that correct? Not at that time. Okay, all right, okay. But you didn't ever challenge it, did you? I mean, your defense was based on the merits, not that there was a mistake in the title that was alleged, right? Our motion for summary judgment... I mean, you know, that didn't throw you off at all, did it? That, you know, it said Title III in the title of that claim, right? It responded as if it were a Title I claim on the merits. We filed an answer that responded to the claims and denied the allegations across the board. And our motion that is being reviewed by this court alleged only that the wrong title was relied upon. But you didn't allege that initially. The district court grants the motion to dismiss and allows them to file an amended complaint. But as I understood, the district court's grant of that motion, the district court simply treated the ADA as though it were a Title I without correcting that. As I understood in their complaint, they cited the right statute. They just cited the wrong title. That's right. And Judge Jones' order tells them point blank that they sued under the wrong title and he gave them leave to amend to correct the mistake. And Ms. Reimer didn't do that. And the published case on this issue is very clear that you must sue under the correct title if your target is a public entity such as the fire district. So did Judge Jones make a clear error of judgment after granting leeway at three stages in this litigation before deciding to dismiss the case? That is the question for this court. And the case law supports my client's position that a leave to amend is sought at the 11th hour toward the end of discovery after motion for summary judgment is pending. It's also relevant. When you say prejudice may be shown, you didn't make sure you're prejudiced, did you? The delays are the prejudice. And Judge Jones... You made no statement at all in your briefing as to how the delay prejudiced you. How were the delays prejudiced you or your client? By dragging out the litigation for three years. First of all, it wasn't entirely the plaintiff's fault that it went on for three years. But dragging out a litigation is sufficient prejudice? You have a case law that says that? Yes. The case law relied upon by Judge Jones. And as this court sits in review of his decision, this court has to determine that there was a clear error of judgment. And the case that Judge Jones published in his opinions and his orders shows prejudice may be found when new claims are attempted to be brought at the 11th hour on the eve of discovery. But it's not a new claim. It's just changing the title of the same claim. But the case law is likewise clear that if you sue under the wrong title, those claims should be dismissed. Obviously, you weren't misled. You weren't prejudiced in the sense that you were misled because you knew that they were alleging a claim under Title I and that's how you responded. Right? We did not do anything other than deny the allegations of the ADA in our answer and file a motion to dismiss it because it was under the wrong title. Wait a minute. Are you saying now that your motion to dismiss was based on the wrong title being alleged in the complaint? Yes. The plaintiff must sue under the proper... Show me where you say that. Where we say that the case should be dismissed because it was brought under the wrong title. That's the basis of our summary judgment motion. Well, where was it in your motion to dismiss? Right. Oh, our 12B6 motion to dismiss? Yeah. It wasn't brought up at that point. Yeah. But Judge Jones did take it upon himself in issuing the order granting the motion to state this is not the correct cause of action. Where is that? Where is that, counsel? I want to see that reference. That is on... This is the February 2019 order? This order is dated February 2019. Yep. Which page? It is under base number SNOCO Fire 408 at line 13. It reads, in response to the ADA claim, this does not suffice to plead an ADA claim as it is nothing more than a formulaic recitation of the elements of a cause of action, dash, and not the correct cause of action. So Judge Jones took it upon himself to instruct Ms. Reimer that she had not... There's no reference there to the difference between Title I and Title III. This isn't in response to anything you argued. That's right. This is Judge Jones taking it upon himself to signal to Ms. Reimer that she had not sued under the correct title. Wow. That's pretty obscure. It was, in my view, generous for Judge Jones to explain to Ms. Reimer, you have not sued under the proper cause of action. So in addition to... Counsel, if you look at the paragraph that you're citing, it doesn't have anything to do with being cited under... The problem with the difference between the two titles has to do with a government suing a government entity versus suing a private entity. There isn't one word in that paragraph about the difference between a public entity and a private entity. But when he says this is not the correct cause of action, he's referring to the fact he's reciting Twombly. He says it's formulaic recitation. It's a signal that Judge Jones went out of his way to make to Ms. Reimer. It was not an issue... He went out of his way. I have to say, I would have missed it completely. I don't know that you would have gotten it. I don't know how we could have expected Reimer's counsel to get that. The plaintiff had an obligation to sue under the proper title and the remedy... She decided the right statute. She decided the wrong heading. But there are cases that have been presented to this appeals court that hold failure to sue a public entity under the proper title should result in dismissal. Well, that's right. But the proper title is a reference to the statute and she's... But your honor, the Disabled Rights Action Committee versus Las Vegas events and the Bloom versus Bexar County case had this exact situation where Title III claims were brought against a public entity and both of those courts dismissed those claims. And in fact, in the Disabled Rights Action Committee case, the plaintiff sought leave to amend and the leave was denied. So it's not just the statute more broadly. It is the title. Those cases provided Judge Jones with guidance on how to deal with this issue. So, counsel, let me ask you, if the plaintiff were given the authority to or given permission to amend from Title II to Title III, what would change in this case? Well, even if Ms. Reimer were allowed to do so, it would be futile for reasons that go beyond the scope of this appeal having to do with service animals versus emotional support animals. So to be as direct as possible, the same result would obtain. We would have filed another motion to dismiss. Would the district court have reached the same result? If Ms. Reimer had sued under the proper title, would Judge Jones have still dismissed the cause of action? Is that the question? That's the question. I don't know. All right. Thank you. You've exceeded your time, but we've helped you do that. Rebuttal? Thank you, Your Honor. I'd like to address at least three points that was made by my colleague here in his oral argument. One specifically is that this issue as to who has the burden of proof on this motion for summary judgment, they would have the burden of proof because it is an affirmative defense that they raise specifically in their answer to the complaint. So it's not a plaintiff's burden of proof. It is the defendant's burden of proof. And statutorily, it even identifies this as a specific defense. In relation to his statement, as we made no effort or Ms. Reimer made no effort into addressing these particular claims, I will reiterate that the appellant in this particular case has wrote a complaint to the Washington Human Rights Commission that specifically identifies that it would notify the local agency that was involved in relation to the claims that she has made. Additionally, there is the federal claims complaint that she made to the EEOC. Counsel, is there evidence in the record that your client attempted to file a claim and no form was available? No, but there is in the record a declaration that we submitted in response to their motion for summary judgment that we contacted the county auditor's office. Specifically, they told us that there was no claims agent for that time period. And we submitted that as part of a response. And we believe that in itself creates a genuine issue of material fact as to whether there was a claim agent for the time period that Ms. Reimer was available to have submitted a claim to the county. Who was that declaration from? Shonda Slee Robinson. She was the paralegal of our law firm who made the phone call and she submitted the declaration. Is there anything else, counsel? No, your honor. Thank you, your honor. All right. Thank you to both counsel for your arguments. The case just argued is submitted for decision by the court.
judges: Tashima, Rawlinson, Bybee